IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID WILLIAM KNARR,                                           Civ. No. 6:26-cv-01408-AA

                Plaintiff,                            **OPINION & ORDER**

     v.

DISTRICT ATTORNEY DOUG MARTEENY,

                Defendant.

_____

AIKEN, District Judge.

Self-represented Plaintiff David William Knarr seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED. However, the Complaint, ECF No. 1, is DISMISSED without leave to amend.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

Page 1 –OPINION & ORDER

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I.    IFP Petition

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency, and the IFP petition is granted.

### II.    Complaint

Plaintiff brings claims against Doug Marteeny, the District Attorney of Linn County, Oregon, in his personal and official capacities. Compl. at I.B. Plaintiff claims are not entirely clear: he lists "intent to inflect emotional and physical distress"; "fruits of the poisonous tree"; 18 U.S.C. §§ 241 and 242; and 42 U.S.C. §§ 1983, 1985, 1986, and 12203. Compl. at II.B. Some of these claims are not proper, even without reference to facts.

Fruit of the poisonous tree is an evidentiary doctrine that, while premised on the Fourth Amendment, is not itself a claim or cause of action. *See United States v. Gorman*, 859 F.3d 706, 716 (9th Cir. 2017). This claim must be dismissed without leave to amend, as amendment would be futile.

Title 18 U.S.C. §§ 241 and 242 are federal criminal statutes that "'provide no basis for civil liability.'" *Moore v. Kamikawa*, 940 F.Supp. 260, 265 (D. Haw. 1995) *aff'd*, 82 F.3d 423 (9th Cir. 1996) (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

Cir. 1980)). These claims must be dismissed without leave to amend, as amendment would be futile.

Turning to the facts, Plaintiff alleges that "criminal + judicial misconduct complaints as well as a 42 USC § 12203 were filed in writing and produced to the Linn County District Attorney. District Attorney ignored the written notices and chose to protect the Defendant filed against." Compl. at II.D. The "complaints and violations" at issue were against "a Linn County employee (Judge)[.]" *Id.* III.C. Plaintiff describes the timeline as "January 14, 2026 to Present Day, July 2026." *Id.* at III.B.

Plaintiff seeks the following relief: "For the Linn County Circuit Court District Attorney to be held accountable, and for the employee filed against to be held accountable. . . . I am asking for immediate relief and full, max amount of financial compensation allowed by law." Compl. at V.

The Court infers that Plaintiff made a complaint to the Defendant, in Defendant's role as district attorney, about alleged criminal and judicial misconduct of a judge of the Linn County Circuit Court, and that Defendant did not pursue charges. Plaintiff would like Defendant to be "accountable" for not bringing the charges, and for the unnamed judge to be prosecuted according to the complaint he made to Defendant.

Plaintiff brings the claims against Defendant in his personal and official capacities. Whether the facts support a claim or not, Defendant is immune from suit in his official capacity for money damages. In Oregon, "district attorneys . . . are state

actors" when they act in a prosecutorial capacity, and state actors are "shielded by the Eleventh Amendment and may not be sued in the official capacity for money damages." *Gibson v. City of Portland*, 165 F.4th 1265, 1279-80 (9th Cir. 2026).

Regardless, claims against Defendant in his official and personal capacities fail because "[p]rosecutors are absolutely immune for actions intimately associated with the judicial phase of the criminal process, such as the prosecutor's initiation of prosecution[.]" *Id.* at 1280 (internal quotations and citations omitted). "'A prosecutor has absolute immunity for the decision to prosecute . . . [and] the decision not to prosecute.'" *Id.* at 1281 (quoting *Roe v. City & Cnty. of S.F.*, 109 F.3d 578, 583 (9th Cir. 1997)).

Here, Plaintiff's claims are premised on Defendant's choice not to pursue the complaint submitted by Plaintiff against a judge. Defendant has absolute immunity from any claim stemming from his choice not to prosecute the judge. "The recourse for improper prosecutorial conduct may lie in sanctions, in dismissal of criminal cases, in professional disciplinary proceedings, or, where the position is an elected one, in the voting booth[.]" *Id.* at 1285 (citing *Imbler v. Pachtman*, 424 U.S. 428, 29 (1976)).

Defendant is absolute immune to the claims arising from his choice not to prosecute the unnamed judge. Additional facts would be unavailing, as the claims brought and relief sought are premised on the decision not to prosecute the judge. Thus, Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

Page 5 –OPINION & ORDER

Therefore, the Court dismisses Plaintiff's Complaint without leave to amend.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 1, is DISMISSED without leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____20th____ day of July 2026.


      /s/Ann Aiken
ANN AIKEN
United States District Judge